**CUSTOM–CRETE, INC., Appellant,**

v.

**K–BAR SERVICES, INC., Appellee.**

No. 04–01–00721–CV.

Court of Appeals of Texas, San Antonio.

June 12, 2002.

Elizabeth C. Bloch, Rachel L. Noffke, Hilgers & Watkins, P.C., Austin, for Appellant.

Charles A. Stephens, II, Law Offices of Charles A. Stephens, II, Canyon Lake, for Appellee.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, SANDEE BRYAN MARION, Justice.

## OPINION

SANDEE BRYAN MARION, Justice.

In this appeal from a default judgment, a non-attorney corporate representative of appellant, Custom–Crete, Inc., filed a defective answer and attempted to represent Custom–Crete at a trial on the merits. On appeal, Custom–Crete asserts that its answer was sufficient to prevent a no-answer default judgment and the trial court erred in denying its motion for new trial because it did not receive forty-five days' notice of the trial setting. We agree; therefore, we reverse the trial court's judgment and remand the cause.

## BACKGROUND

Appellee, K–Bar Services, Inc., sued Custom–Crete on an alleged oral contract. The petition was served on Custom–Crete's president, Eric Reinhart. Within the time for filing an answer, William Heath, a Custom–Crete vice president, filed the following letter with the clerk of the court:

> To whom it may concern,
>
> I, William Heath, acting as agent for Eric Reinhart, hereby enter a plea of NOT GUILTY! This plea is in [sic] presented to the court in the above styled case. Please inform me of additional requirements as they relate to this case.

The letter was on Custom–Crete letterhead and contained the trial cause number.

On or about April 19, 2001, K–Bar mailed a notice of hearing to Custom–Crete. The notice stated that the purpose of the hearing was a trial on the merits, and indicated a trial date of May 14, 2001. The notice of hearing is file-stamped April 23, 2001.

At the May 14th hearing, K–Bar was represented by counsel, but Heath appeared on behalf of Custom–Crete. When K–Bar informed the trial court that Heath could not ask questions during the hearing or present evidence because he was not an attorney, Heath responded that he "just wanted to bring out that there is no longer a Custom–Crete in Texas, business [sic]. So if they're going to sue us they need to—we can get a default judgment against Custom–Crete, but there's nobody there to pay it. There's no such thing as Custom–Crete, a Texas company." The trial court then heard evidence only from K–Bar. At the close of K–Bar's case, the court again asked Heath why he was at the hearing

and Heath stated "Just, I guess, [to] get a feel for whatever's going on." The court denied Heath's request to question K–Bar's corporate representative, and asked K–Bar's attorney to prepare a judgment, which the court thought "probably is a default actually."

On August 28, 2001, before entry of the judgment, Custom–Crete filed a motion for new trial, which was signed by an attorney. On September 10, 2001, Custom–Crete filed an amended answer, signed by an attorney. The trial court conducted a hearing on the motion for new trial on September 17, 2001, and on the same day, signed a default judgment. On September 28, 2001, the trial court denied Custom–Crete's motion for new trial.

## DISCUSSION

■ Heath's letter was addressed to and filed with the clerk of the court, included the trial cause number and Custom Crete's name and address, and denied liability. Although the judgment recites that Custom–Crete failed to file a timely answer, we agree with Custom–Crete that Heath's letter, although defective, was sufficient to avoid a no-answer default judgment against Custom–Crete. See Smith v. Lippmann, 826 S.W.2d 137, 138 n. 1 (Tex. 1992); R.T.A. Int'l, Inc. v. Cano, 915 S.W.2d 149, 150–51 (Tex.App.-Corpus Christi 1996, writ denied); Santex Roofing & Sheet Metal, Inc. v. Venture Steel, Inc., 737 S.W.2d 55, 56–57 (Tex.App.-San Antonio 1987, no writ).

■ K–Bar argues that the judgment, although entitled a "Default Judgment," was actually a judgment entered after an appearance by Custom–Crete at a trial on the merits. Even if the judgment here is not technically a default judgment, the trial court's discretion in ruling on Custom–Crete's motion for new trial is subject to the same standard as that which governs motions for new trial in default cases. See O'Hara v. Hexter, 550 S.W.2d 379, 380–81 (Tex.Civ.App.-Dallas 1977, writ ref'd n.r.e.).

■ A default judgment should be set aside in any case in which the defendant demonstrates (1) that its failure to answer or appear was not intentional or the result of conscious indifference; (2) that it has a meritorious defense; and (3) that the granting of a new trial will not operate to cause delay or other injury to the plaintiff. Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126 (1939) (no-answer default); see also Director, State Employees Workers' Comp. Div. v. Evans, 889 S.W.2d 266, 268 (Tex.1994) (post-answer default). The historical trend in default judgment cases is toward the liberal granting of new trials. Miller v. Miller, 903 S.W.2d 45, 47 (Tex.App.-Tyler 1995, no writ). As such, where the elements of the Craddock test are satisfied, it is an abuse of discretion for the trial court to deny the defendant a new trial. Evans, 889 S.W.2d at 268.

■ Custom–Crete asserts it did not receive the notice required under Texas Rule of Civil Procedure 245, which permits the trial court to set contested cases on written request of any party, or on the court's own motion, with reasonable notice of not less than forty-five days to the parties of a first setting. Tex.R. Civ. P. 245. K–Bar contends that Custom–Crete waived any objection to the lack of forty-five days' notice because Heath appeared at the May 14th hearing and said he was ready to proceed. Error resulting from a trial court's failure to provide parties proper notice under Rule 245 is waived if a party proceeds to trial and fails to object to the lack of notice. In re J.(B.B.) M., 955 S.W.2d 405, 408 (Tex.App.-San Antonio 1997, no pet.); State Farm Fire and Cas.

*Co. v. Price,* 845 S.W.2d 427, 432 (Tex. App.-Amarillo 1992, writ dism'd by agr.). A party may waive a complaint by failing to take action when the party receives some, but less than forty-five days', notice. *See Balogh v. Ramos,* 978 S.W.2d 696, 699 (Tex.App.-Corpus Christi 1998, pet. denied).

■ At trial, Heath said he was ready to proceed before the trial court realized he was not an attorney representing Custom–Crete and before the court, correctly, refused to allow him to participate in the trial. *Kunstoplast of America, Inc. v. Formosa Plastics Corp.,* 937 S.W.2d 455, 456 (Tex.1996) (generally, a corporation may be represented only by a licensed attorney); Tex.R. Civ. P. 7. Because Heath was not a licensed attorney and therefore could not represent Custom–Crete, his mere presence at trial does not equate to an "appearance" at trial on behalf of Custom–Crete. Furthermore, because he was not an attorney, Heath did not have the right to make representations on behalf of Custom–Crete, including an objection to lack of notice. Therefore, Custom–Crete did not waive its right to proper notice of the trial setting.

■ Custom–Crete filed an answer; therefore, it was entitled to notice of the trial setting as a matter of due process under the Fourteenth Amendment to the federal constitution. *LBL Oil Co. v. International Power Serv., Inc.,* 777 S.W.2d 390, 390–91 (Tex.1989). The forty-five day notice provision of Rule 245 is mandatory. *See Smith,* 826 S.W.2d at 138; *Hardin v. Hardin,* 932 S.W.2d 566, 567 (Tex.App.-Tyler 1995, no writ); *Bell Helicopter Textron, Inc. v. Abbott,* 863 S.W.2d 139, 140 (Tex.App.-Texarkana 1993, writ denied). A trial court's failure to comply with Rule 245 in a contested case deprives a party of its constitutional right to be present at the hearing, to voice its objections in an appro-

priate manner, and results in a violation of fundamental due process. *Blanco v. Bolanos,* 20 S.W.3d 809, 811 (Tex.App.-El Paso 2000, no pet.). Failure to give the required notice constitutes lack of due process and is grounds for reversal. *Id.; Estrada v. Wausau Ins., Co.,* 985 S.W.2d 480, 482 (Tex.App.-San Antonio 1998, pet. denied); *see also Bell Helicopter,* 863 S.W.2d at 140 (failure to comply with Rule 245 renders any first setting notice ineffectual).

■ However, we presume that the trial court will hear a case only when notice has been given to the parties. *Welborn–Hosler v. Hosler,* 870 S.W.2d 323, 328 (Tex. App.-Houston [14th Dist.] 1994, no writ). Thus, the party challenging a trial court judgment for lack of notice has the burden of proving there was no notice, and must produce evidence in addition to an allegation in a motion for new trial. *Id.* Here, the judgment makes no recitation regarding notice. In support of its motion for new trial, Custom–Crete attached a copy of the trial setting notice, which affirmatively shows that less than forty-five days' notice was provided.

■ K–Bar argues that Custom–Crete is not entitled to a new trial because its failure to retain an attorney was intentional and the result of conscious indifference. A corporation that chooses to represent itself through a non-attorney officer does so at its own risk; and to do so may be viewed as negligence. *Dell Dev. Corp. v. Best Industrial Uniform Supply Co.,* 743 S.W.2d 302, 303 (Tex.App.-Houston [14th Dist.] 1987, writ denied). Faced with facts similar to those here, the *Dell* court held that the trial court did not abuse its discretion in failing to sua sponte continue the trial and in denying Dell's motion for new trial because Dell did not establish that its failure to be represented by coun-

sel was not due to its own fault or negligence. *Id.* We conclude that *Dell* does not apply here because the *Dell* court applied a negligence standard, and, assuming the judgment in that case was a default judgment (the opinion does not use the phrase "default judgment"), a negligence standard is improper. *Craddock* and its progeny require a party to show that its failure to answer or appear was not intentional or the result of conscious indifference. *See Ivy v. Carrell,* 407 S.W.2d 212, 213–14 (Tex.1966) (rejecting negligence standard in applying *Craddock* test to setting aside default judgments); *Young v. Kirsch,* 814 S.W.2d 77, 81 (Tex.App.-San Antonio 1991, no writ) (holding that conscious indifference must amount to more than mere negligence to satisfy *Craddock* rule); *O'Hara,* 550 S.W.2d at 382 (holding that *Craddock* test is absence of intentional failure or conscious indifference, not negligence). Therefore, mere negligence on the part of the movant will not support the denial of a new trial in a default judgment situation, and a trial court abuses its discretion by not granting a new trial. *See Craddock,* 133 S.W.2d at 125–26; *Ferguson & Co. v. Roll,* 776 S.W.2d 692, 697 (Tex.App.-Dallas 1989, no writ).

■ In support of its motion for new trial, Custom–Crete attached Heath's affidavit in which he stated that he attended the May 14th hearing believing he had the right to represent Custom–Crete. Heath's belief that he could represent Custom–Crete at trial, and ask questions of K–Bar's representative, negates a finding of intentional conduct or conscious indifference.

Because the record supports Custom–Crete's allegation that it did not receive forty-five days' notice, it satisfied the first *Craddock* factor and it is not obligated to meet the remaining requirements to be entitled to a new trial; thus, it is entitled to have the default judgment set aside. *LBL Oil,* 777 S.W.2d at 390–91; *Lopez,* 757 S.W.2d at 723; *Hanners v. State Bar of Texas,* 860 S.W.2d 903, 907 (Tex.App.-Dallas 1993, no writ). Accordingly, we reverse the trial court's judgment and remand the cause for a new trial.