

# NUMBER 13-12-00407-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**MARIA GABRIELA MORALES,**                               **Appellant,**

**v.**

**JAMES CLYDE MARQUIS,**                                    **Appellee.**

---

### On appeal from the 332nd District Court
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

This restricted appeal challenges a post-answer default judgment taken by appellee, James Clyde Marquis, against appellant, Maria Gabriela Morales, annulling the marriage between them on the grounds of fraud. *See* TEX. FAM. CODE ANN. § 6.107 (West 2006). We reverse and remand.

## I. BACKGROUND

Appellee's original and first amended petitions requested a divorce on the grounds that the marriage had become unsupportable due to a conflict of personalities. Appellee requested that the court make a just and right division of the community estate. Appellant filed a pro se answer that generally denied all of the allegations in appellee's petition.

Appellee filed a second amended petition in which he withdrew the request for a divorce and instead petitioned the court for an annulment on the grounds of fraud. Specifically, appellee alleged that appellant married him for the purpose of acquiring legal residency in the United States. Appellee further alleged that they had never consummated the marriage, and that appellee had not voluntarily cohabitated with appellant since he discovered the fraud. *See id.*

Appellee also alleged that the parties did not accumulate community property during the marriage other than "personal effects." Appellee asked the court to award the personal effects as the separate property of each party then in possession, and to award a house and the parcel of land it sits on to appellee as appellee's separate property. The amended petition does not contain a certificate of service, and appellant asserts on appeal that she never received a copy of it.

The trial court entered a written order dated November 9, 2011 that set the case for trial on November 28, nineteen days later.[1] At the hearing on November 28, which was the only oral hearing held in this case, appellant did not appear but appellee

---

[1] The order has the name and address of appellee's attorney and indicates that appellant is pro se.

testified briefly.[2]  After hearing appellee's testimony, the court immediately granted the annulment.  The decree of annulment awarded property to the parties as appellee requested in his amended petition.[3]  Appellant did not file any post-judgment motions, but she subsequently filed a timely notice of restricted appeal.

## II. DISCUSSION

To prevail on a restricted appeal, the appellant must establish that:  (1) it filed its notice of restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post judgment motions or requests for findings of facts and conclusions of law; and (4) error is apparent on the face of the record.  *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Autozone, Inc. v. Duenes*, 108 S.W.3d 917, 919 (Tex. App.—Corpus Christi 2003, no pet.).  The first three requirements are jurisdictional, and we may not consider the appeal if they are not met. *Clopton v. Park*, 66 S.W.3d 513, 515 (Tex. App.—Fort Worth 2001, pet. denied); *see also* TEX. R. APP. P. 30.  A restricted appeal is a direct attack on the judgment; the only limitation on the scope of review is that error must be apparent on the face of the record.  *Norman Commc'ncs v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam); *Autozone*, 108 S.W.3d at 919–20.  For these purposes, "the record" constitutes all documents on file with the court of appeals, and all evidence that was before the trial court.  *Alexander*, 134 S.W.3d at 848–49 (citing *General Electric Co.*

---

[2]  The trial court called appellant's name but no evidence was presented to prove she had notice of the hearing.

[3]  In contrast to a suit for divorce, a suit for annulment presumes that a valid marriage never existed.  However, this presumption "does not prevent the court from determining issues arising from the marriage, including . . . division of property."  39 Tex. Jur. 3d *Family Law* § 319 (2013).

3

*v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 944 (Tex. 1991)). Appellee admits that appellant meets the first three requirements for a restricted appeal, and we agree. The only question is the fourth prong of the test, whether error is apparent on the face of the record.

By three issues, appellant argues that error is apparent on the face of the record and the post-answer default judgment should be set aside because: (1) she was not served with the second amended petition and it alleged "a new cause of action and sought a more onerous judgment;" (2) the evidence is legally and factually insufficient to support the default judgment; and (3) appellant did not receive the forty-five days' notice of the final hearing as required by Rule of Civil Procedure 245. *See* TEX. R. CIV. P. 245. We will only address appellant's third issue because it is dispositive of the case.[4] *See* TEX. R. APP. P. 47.1.

## A. Compliance with Rule 245

Appellant argues that the judgment must be set aside because she did not receive forty-five days' notice of the trial setting as required by Rule 245. *See* TEX. R. CIV. P. 245. Appellee admits that appellant did not receive the full forty-five days' notice of trial, but argues that appellant waived this complaint because she did have nineteen days' notice of the trial setting and failed to object.

Rule of Civil Procedure 245 requires that the trial court give all parties to a contested case "reasonable notice of not less than forty-five days" of the date of the first

---

[4] In a restricted appeal of a post-answer default judgment, the remedy for a factual sufficiency challenge is to reverse and remand for a new trial. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009) (per curiam). Even if we were to address this issue and sustain appellant's factual sufficiency challenge, appellant would be afforded no greater relief than she is entitled to on her notice issue.

trial setting. TEX. R. CIV. P. 245. The notice required by Rule 245 "is mandatory and involves the constitutionally protected right of due process." *In re I.L.S.*, 339 S.W.3d 156, 159 (Tex. App.—Dallas 2011, no pet.). Many courts of appeals have held that the failure to give notice that complies with the rule to a party in a contested case[5] "results in a violation of fundamental due process." *Campsey v. Campsey*, 111 S.W.3d 767, 771 (Tex. App.—Fort Worth 2003, no pet.) (citing *Platt v. Platt*, 991 S.W.2d 481, 483 (Tex. App.—Tyler 1999, no pet.)). If notice is not given in compliance with the rule, "the post-answer default judgment should be set aside because it is ineffectual." *Id.*; *Custom-Crete, Inc. v. K-Bar Serv., Inc.*, 82 S.W.3d 655, 659 (Tex. App.—San Antonio 2002, no pet.); *Blanco v. Bolanos*, 20 S.W.3d 809, 811–12 (Tex. App.—El Paso 2000, no pet.); *Barbosa v. Hollis Rutledge & Assoc., Inc.*, No. 13-05-485-CV, 2007 WL 1845583, at \*\*1–2 (Tex. App.—Corpus Christi, June 28, 2007, no pet.) (mem. op.); *see Smith v. Lippmann*, 826 S.W.2d 137, 137–38 (Tex. 1992) (per curiam) (holding that the documents appellant filed with the court constituted an answer and the appellant was therefore entitled to "at least" the full period of notice under Rule 245).

Appellee argues that a violation of Rule 245, standing alone, "does not require automatic reversal for a new trial," *In re J.B.*, 93 S.W.3d 609, 615 (Tex. App.—Waco 2002, pet. denied), and that "it is well settled law" that a party's right to notice under Rule 245 can be waived if the party receiving defective notice goes to trial. *See Custom-Crete*, 82 S.W.3d at 658. Notice under Rule 245 can indeed be waived if a

---

[5] When a party files an answer but does not appear at trial, it "constitutes neither an abandonment of the defendant's answer nor an implied confession of any issues thus joined by the defendant's answer." *Paradigm Oil, Inc. v. Retmaco Operating, Inc.*, 372 S.W.3d 177, 183 (Tex. 2012) (citing *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979)). Therefore, judgment cannot be rendered on the pleadings as in a no-answer default judgment, and the plaintiff is still required to prove his claim to the same extent as if the other party appeared at trial. *Id.; see also Tranum v. Tranum*, No. 13-98-091-CV, 2000 WL 35721224, at \*1 (Tex. App.—Corpus Christi June 1, 2000, no pet.).

party who is actively litigating the case did not receive the full notice but proceeded to trial without objection. *Id.* at 658–59. In this case, nothing in the record shows that appellant had notice of the hearing in order to object, so appellant took no action whatsoever between the time she filed her answer and the time she filed her notice of restricted appeal. In these circumstances—when a defendant answers but takes no further action—many appellate courts, including this one, have held that a post-answer default should be set aside. *See Custom-Crete*, 82 S.W.3d at 659–60 (setting aside a post-answer default judgment even when a non-authorized corporate representative appeared at trial to represent a corporate defendant); *Barbosa*, 2007 WL 1845583, at **1–2 (setting aside a post-answer default judgment in a restricted appeal on facts similar to the present case); *Blanco*, 20 S.W.3d at 811–12 (setting aside a post-answer default judgment in a divorce case on restricted appeal solely because appellant received less than forty-five days' notice). Appellee does not cite to any case where a defendant who answered but took no other action was deemed to have waived their right to notice under Rule 245, and we have found none. Accordingly, we hold that error is apparent on the face of the record because appellant did not receive the required notice. Appellant's third issue is sustained.

### III. CONCLUSION

We reverse the default judgment and remand for trial on the merits.[6]

_____
NORA L. LONGORIA
Justice

Delivered and filed the
23rd day of May, 2013.

_____

[6] We express no opinion on whether appellant was served with the amended petition, or whether the evidence appellee produced at trial is legally and factually sufficient to support the judgment.