

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00315-CV

Dakota Snow **PIKE GRANT**,
Appellant

v.

Jeffrey Alan **GRANT**,
Appellee

From the 83rd Judicial District Court, Val Verde County, Texas
Trial Court No. 27731
Honorable Carl Pendergrass, Judge Presiding

Opinion by: Marialyn Barnard, Justice

Sitting: Karen Angelini, Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed: September 16, 2015

REVERSED AND REMANDED

This is a restricted appeal from a final decree of divorce. On original submission, this court

dismissed the appeal for want of jurisdiction, holding we lacked jurisdiction because appellant

Dakota Snow Pike Grant failed to establish she did not participate in the hearing "that resulted in

the judgment complained of." *Pike Grant v. Grant*, 448 S.W.3d 63, 66–67 (Tex. App.—San

Antonio 2013), *rev'd*, 447 S.W.3d 884 (Tex. 2014). Pike Grant sought review in the Texas

Supreme Court. The supreme court granted her petition for review and reversed our judgment,

holding Pike Grant established she did not participate in the hearing that resulted in the divorce

decree.[1] *Pike Grant*, 447 S.W.3d at 887. The supreme court remanded the matter back to this court for further proceedings. *Id.*

In her original appeal to this court, and now on remand, Pike Grant raises three issues in which she alleges the final decree of divorce should be set aside because: (1) she did not receive notice of the final hearing; (2) the pleadings do not support the relief granted with regard to conservatorship, possession and access, and child support; and (3) the evidence was legally and factually insufficient to support the relief granted regarding conservatorship, possession and access, child support, and division of the marital property. We reverse the trial court's judgment and remand the matter to the trial court for a new trial.

## BACKGROUND

A detailed rendition of the factual and procedural history of this case was set out in our original opinion. *See Pike Grant*, 448 S.W.3d at 65–66. Moreover, it is unnecessary to reiterate a detailed factual and procedural history on remand given our disposition. Accordingly, we provide only a brief statement of the facts and procedural history for context and for purposes of our disposition.

Pike Grant and Jeffrey Alan Grant ("Grant") were married in 2008. During the marriage, they had one child. They separated in 2009, and soon thereafter, Grant filed for divorce. Pike Grant timely filed an answer through an attorney. Thereafter, Pike Grant filed a counterpetition for divorce.

Ultimately, on June 27, 2011, Grant filed a motion to set the case for a non-jury trial on September 27, 2011. The trial court signed an order granting the motion and setting the case for trial on September 27, 2011. A letter from the trial court's coordinator, dated August 29, 2011,

---

[1] Based on the supreme court's holding, this restricted appeal arises from a post-answer default judgment.

was sent to the attorneys of record, including Pike Grant's attorney, enclosing the order and advising of the trial setting.

Pike Grant's attorney filed a motion to withdraw. The motion appears to have been filed almost simultaneously with the court's notice of trial setting. The certificate of service states the motion was served in accordance with the Texas Rules of Civil Procedure on August 29, 2011; the motion was file-stamped by the district clerk's office on August 30, 2011. The motion to withdraw advised Pike Grant there were "no pending settings or deadlines." It seems Pike Grant's attorney had yet to receive the trial court's August 29, 2011 order setting the matter for trial. The trial court never signed an order with regard to the motion to withdraw; rather, the record establishes the order was returned "unsigned."

On September 27, 2011, the trial court called the matter for trial. The reporter's record reflects Grant appeared telephonically and his attorney appeared in person. Neither Pike Grant nor her attorney appeared. Nevertheless, Grant proceeded to put on his case with regard to the divorce action, which included evidence concerning property division, conservatorship, and possession and access. At the conclusion of the hearing, Grant presented the trial court with a proposed final decree of divorce.

On November 29, 2011, the trial court signed the final decree of divorce. The decree recites at the outset that the matter was heard on November 29, 2011, and all parties appeared in person with their counsel. However, there is nothing in the record beyond this initial recital to establish a hearing was actually held on November 29, 2011. *Pike Grant*, 447 S.W.3d at 886–87. Rather, numerous notations in the record, as well as the absence of a court reporter, led the supreme court to conclude no hearing was held on November 29, 2011. *Id.* Instead, the final hearing was conducted on September 27, 2011, as stated in the reporter's record from that day — a hearing at

which neither Pike Grant nor her attorney appeared. *Id.* at 887. Thus, the final decree was a result of the September 27, 2011 hearing. *See id.*

In the decree, the trial court granted the divorce, divided the marital estate, and determined conservatorship and access. Thereafter, having missed the deadline for filing a standard notice of appeal, Pike Grant filed a notice of restricted appeal. After this court dismissed the appeal for want of jurisdiction, Pike Grant sought review in the supreme court, and as noted above, the supreme court reversed our judgment and remanded the matter to us to review Pike Grant's issues challenging the trial court's judgment of divorce. *Id.* We now undertake that review.

## ANALYSIS

Pike Grant raises three issues in which she contends the trial court erred in rendering the final decree of divorce. Specifically, she contends the judgment must be reversed because she did not receive the required notice of the final hearing (the trial), the pleadings do not support the judgment, and the evidence is legally and factually insufficient to support the judgment. Because we hold the face of the record shows Pike Grant did not receive proper notice of the final hearing, i.e., the hearing that resulted in the final decree, we reverse this matter and remand to the trial court for a new trial.[2]

---

[2] We acknowledge that Pike Grant has raised a challenge to the legal sufficiency of the evidence. When an appellant raises a legal sufficiency challenge, we review that issue first because if the evidence is legally sufficient, we must generally render the judgment the trial court should have rendered — remand is usually unnecessary. *See* TEX. R. APP. P. 43.3. However, in family law cases, the standard by which we review legal sufficiency challenges is unlike that used in other civil cases. *See, e.g., Watson v. Watson*, 286 S.W.3d 519, 522–23 (Tex. App.—Fort Worth 2009, no pet.); *Garza v. Garza*, 217 S.W.3d 538, 549 (Tex. App.—San Antonio 2006, no pet.); *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied). In family law cases, a trial court's decision is reviewed under an abuse of discretion standard. *See Watson*, 286 S.W.3d at 522; *Garza*, 217 S.W.3d at 548. Thus, the traditional sufficiency standards of review overlap with the abuse of discretion standard of review. *Watson*, 286 S.W.3d at 522; *Garza*, 217 S.W.3d at 549. As a result of this overlap, in order to determine whether a trial court has abused its discretion because the evidence is legally or factually insufficient, we conduct a two-step analysis in which we must determine whether the trial court had sufficient evidence upon which to render a decision and did the trial court err in the application of its discretion. *Watson*, 286 S.W.3d at 522–23; *Garza*, 217 S.W.3d at 549; *Moroch*, 174 S.W.3d at 857. Thus, if we should sustain a legal sufficiency challenge in a family law case such as this, i.e., find the trial court abused its discretion because there was insufficient evidence to support a particular finding, we must reverse and remand for a new trial as opposed to rendering the judgment the trial court should have rendered. *See Watson*, 286

### *Restricted Appeal*

To prevail on a restricted appeal, an appellant must demonstrate: (1) the notice of restricted appeal was filed within six months of the date of the judgment or order; (2) she was a party to the suit; (3) she did not participate in the hearing that resulted in the judgment complained of, and did not file a timely post-judgment motion or request for findings of fact and conclusions of law; and (4) error is apparent from the face of the record. TEX. R. APP. P. 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *In re B.H.B.*, 336 S.W.3d 303, 305 (Tex. App.—San Antonio 2010, pet. denied). Here, it is undisputed that Pike Grant filed her restricted appeal within six months of judgment and she was a party to the divorce action. The supreme court has held she did not participate in the hearing that resulted in the final decree of divorce. *Pike Grant*, 447 S.W.3d at 887. Thus, the only remaining issue is whether Pike Grant has demonstrated that any of the errors of which she complains are apparent from the face of the record. *See* TEX. R. APP. P. 30; *Alexander,* 134 S.W.3d at 848 (Tex. 2004); *B.H.B.*, 336 S.W.3d at 305.

### *Lack of Notice Under Rule 245*

In her first issue, Pike Grant asserts it is apparent from the face of the record that she did not receive forty-five days' notice of the final hearing, i.e., the September 27, 20011 hearing, as required by Rule 245 of the Texas Rules of Civil Procedure. Pike Grant contends that because she was not provided with proper notice, she is entitled to a new trial. We agree.

When a party has filed an answer in a divorce case — as Pike Grant did here — she is entitled to notice of trial pursuant to Rule 245. *See* TEX. R. CIV. P. 245; *Campsey v. Campsey*, 111 S.W.3d 767, 771 (Tex. App.—Fort Worth, 2003, no pet.); *Blanco v. Bolanos*, 20 S.W.3d 809, 811 (Tex. App.—El Paso 2000, no pet.); *see also In re K.M.L.*, 443 S.W.3d 101, 118–19 (Tex. 2014)

---

S.W.3d at 523. Accordingly, even if we were to sustain Pike Grant's legal sufficiency challenge, it would merely result in a remand.

(holding that in parental termination case, father was entitled to forty-five days' notice of trial pursuant to Rule 245). According to the rule, a trial court may set contested cases for trial on the written request of any party or on the court's own motion. TEX. R. CIV. P. 245; *see K.M.L.*, 443 S.W.3d at 118; *Campsey*, 111 S.W.3d at 772. However, the trial court must provide the parties with "reasonable notice of not less than forty-five days" of the trial setting. TEX. R. CIV. P. 245; *see K.M.L.*, 443 S.W.3d at 118; *Campsey*, 111 S.W.3d at 772. Notice pursuant to Rule 245 is mandatory. *Custom-Crete, Inc. v. K-Bar Servs., Inc.*, 82 S.W.3d 655, 659 (Tex. App.—San Antonio 2002, no pet.). The only exception to the forty-five day rule is if the setting is not a first setting or by agreement of the parties. TEX. R. CIV. P. 245. A trial court's failure to comply with the notice rule in a contested case deprives a party of the constitutional right to be present at the hearing, to voice objections, and is a violation of fundamental due process. *K.M.L.*, 443 S.W.3d at 119; *Campsey*, 111 S.W.3d at 771; *Custom-Crete*, 82 S.W.3d at 659; *Blanco*, 20 S.W.3d at 811. An absence of notice under Rule 245 results in a lack of due process and is grounds for reversal. *Custom-Crete, Inc.*, 82 S.W.3d at 659; *see K.M.L.*, 443 S.W.3d at 119.

However, we must presume the trial court will hear a case only when proper notice has been given to the parties. *Campsey*, 111 S.W.3d at 771; *Custom-Crete, Inc.*, 82 S.W.3d at 659; *Blanco*, 20 S.W.3d at 811. Thus, when a party challenges a judgment based on lack of notice, she has the burden of proving an absence of notice and must produce evidence of same. *Campsey*, 111 S.W.3d at 771; *Custom-Crete, Inc.*, 82 S.W.3d at 659; *Blanco*, 20 S.W.3d at 811. An appellant cannot do this by mere allegations, but must affirmatively show a lack of notice. *Campsey*, 111 S.W.3d at 771; *Custom-Crete, Inc.*, 82 S.W.3d at 659; *Blanco*, 20 S.W.3d at 811. Moreover, as this is a restricted appeal, the lack of notice — the error raised by Pike Grant — must be apparent on the face of the record. *See* TEX. R. APP. P. 30; *Alexander*, 134 S.W.3d at 848 (Tex. 2004); *B.H.B.*, 336 S.W.3d at 305.

In this case, the record shows the first trial date was set by the trial court in an order dated August 29, 2011.[3] The order is entitled "ORDER SETTING CAUSE TO NON-JURY TRIAL DOCKET" and set the date of trial for September 27, 2011, at 11:00 a.m. The court coordinator, by letter dated August 29, 2011, sent a copy of the order by mail to the attorneys of record. As stated above, the trial took place on September 27, 2011.

Given the dates of the notice and the date of trial as shown in the record, we hold the record affirmatively demonstrates Pike Grant received less than the forty-five days' notice mandated by Rule 245. The date of the notice as stated in both the trial court's order and the coordinator's letter — August 29, 2011 — is a mere twenty-nine days before the date of trial, far short of the forty-five days mandated by the rule. Accordingly, because Pike Grant did not receive notice of trial as required by Rule 245, we sustain her first issue.

## CONCLUSION

Based on the foregoing analysis, we hold the trial court erred in rendering judgment in favor of Grant given the lack of notice to Pike Grant pursuant to Rule 245. Because Pike Grant did not receive proper notice, she was denied due process and is entitled to a reversal. *See Custom-Crete, Inc.*, 82 S.W.3d at 659; *see K.M.L.*, 443 S.W.3d at 119. Accordingly, we reverse the trial court's judgment and remand this matter to the trial court for a new trial. Given our disposition of Pike Grant's first issue, we need not address her remaining issues because any favorable ruling on those issues would not entitle Pike Grant to any additional relief.

Marialyn Barnard, Justice

---

[3] The order actually indicates it was signed on September 29, 2011, two days after the actual trial. However, we presume, as does Pike Grant, that this was an error as the order is file-stamped August 29, 2011.