

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00068-CV

———————————————

OBADIAH KINARA, Appellant

V.

DAVID ONGERA, Appellee

On Appeal from Probate Court No. 2
Tarrant County, Texas
Trial Court No. 2021-PR00264-2

Before Bassel, Womack, and Walker, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Obadiah Kinara appeals the trial court's default judgment entered in favor of Appellee David Ongera following Kinara's failure to appear at trial. In two issues, Kinara complains that (1) the trial court abused its discretion by denying his motion to set aside the default judgment and grant him a new trial and (2) the trial court failed to provide him at least forty-five days' notice of the trial setting as required by Texas Rule of Civil Procedure 245. Tex. R. Civ. P. 245. With respect to Kinara's first issue, we will hold that the trial court did not abuse its discretion by denying Kinara's motion for new trial. With respect to Kinara's second issue, we will hold that Kinara has waived this complaint, and that even if he has not waived this complaint, the trial court gave proper notice of the trial date under Rule 245. We will thus affirm the trial court's judgment.

## II. BACKGROUND

In December 2020, Dorothy Ongera (Decedent) drowned in a bathtub under allegedly suspicious circumstances in a home she shared with Kinara. Kinara maintains that he was Decedent's common-law husband at the time of her death. Ongera is Decedent's father; he disputes that Kinara was Decedent's common-law husband at the time of her death. After Decedent's death, Ongera requested that an independent autopsy be performed to determine the cause of Decedent's death.

Around that time, a dispute arose between Kinara and Ongera regarding the control of Decedent's remains.

On January 25, 2021, Ongera filed the present lawsuit against Kinara.[1] The live pleadings from the present lawsuit are not included in the appellate record.[2] The record mentions that as part of the lawsuit, Ongera filed an application for a temporary restraining order that was set for a hearing on January 29, 2021.[3] The day before that hearing, Kinara had Decedent buried. As alleged by Ongera in his brief, "Decedent's family, including her six minor children, parents, and siblings were not given notice of Decedent's burial, and no funeral was held in Decedent's honor."

On January 29, 2021—the day after Decedent was buried—the trial court signed an order granting a temporary restraining order that enjoined Kinara and the funeral home from "[a]ltering, embalming, transporting, physically touching,

---

[1]The record indicates that a prior lawsuit between the parties was filed in the 153rd District Court of Tarrant County, but it was dismissed for jurisdictional concerns. The record does not contain any pleadings or written orders from that lawsuit.

[2]A case summary included in the record reflects that Ongera filed his original petition in this case on January 25, 2021, his first amended petition on January 25, 2021, and his second amended petition on February 23, 2021. While none of those petitions are included in the record, we have not required the supplementation of the record because we can decide this appeal without it. The case summary further reflects that Ongera also filed suit against a funeral home. That entity is not a party to this appeal.

[3]The application for a temporary restraining order is not included in the record. Moreover, because no reporter's record was filed in this appeal due to nonpayment, we do not have a transcript from the January 29, 2021 hearing.

preparing, removing, disposing, and/or cremating the remains of [Decedent] which are currently in the possession of [the funeral home]." In that order, the trial court also set the case for trial on March 23, 2021. Ongera later filed a motion to exhume Decedent's body. The trial court granted the motion but suspended its order pending the March 2021 trial so that it could "determine [at trial] the person with the right to control the disposition of the remains of [Decedent]."

On March 11, 2021—twelve days before the trial was scheduled—Kinara filed a petition for writ of mandamus in our court complaining about several rulings by the trial court, including the trial court's ruling on Ongera's motion to exhume Decedent's body.[4] On March 12, 2021, we stayed the March 23, 2021 trial setting pending our resolution of the mandamus petition. We ultimately denied Kinara's petition for writ of mandamus in September 2021. *See In re Kinara*, No. 02-21-00065-CV, 2021 WL 4129838, at *1 (Tex. App.—Fort Worth Sept. 10, 2021, orig. proceeding) (per curiam) (mem. op.).

On October 26, 2021, following our ruling on Kinara's petition for writ of mandamus, the trial court signed an order setting trial in this case "for the week of November 15, 2021" and setting a pretrial Zoom hearing for November 9, 2021. On

---

[4]Kinara also complained about the trial court's ruling on a motion for continuance that he had filed on March 8, 2021.

November 3, 2021, Kinara's counsel filed an amended[5] motion to withdraw, contending that Kinara had threatened to physically harm her and others and that the threats had caused a conflict of interest with her representation of Kinara. The motion reiterated that the pretrial hearing was set for November 9, 2021, and that trial was set for "the week of November 15, 2021." It also stated that a copy of the motion had been delivered to Kinara "via his attorney."

On November 8, 2021, Kinara's counsel filed a motion for continuance on Kinara's behalf. That motion indicated that Kinara had been made aware that (1) Kinara's counsel's motion to withdraw was set for a hearing on November 9, 2021, at 8:30 a.m.; (2) the pretrial hearing was set for November 9, 2021, at 9:30 a.m.; and (3) the final trial was set "the week of November 15, 2021." The motion also indicated that Kinara had been provided with a Zoom login needed to electronically appear at the pretrial hearing and the hearing on the motion to withdraw.[6]

On November 9, 2021, the trial court heard and granted the motion to withdraw filed by Kinara's counsel.[7] In the order granting the motion, the trial court

[5]The case summary included in the record indicates that Kinara's counsel had filed a previous motion to withdraw on September 21, 2021. That motion does not appear in the record.

[6]There is nothing in the record to indicate that the trial court ever ruled on this motion for continuance or that Kinara ever set it for a hearing.

[7]The order granting the motion stated that the trial court heard and granted the motion to withdraw filed by Kinara's counsel on September 21, 2021, but did not mention the amended motion to withdraw filed on November 3, 2021.

ordered Kinara's counsel to "immediately notify [Kinara] in writing of any additional settings or deadlines[,] including the trial setting for the week of November 15, 2021[,] of which [she] has knowledge . . . and [to] send this order to [Kinara] via regular and certified mail." Following the hearing on the motion to withdraw, the trial court proceeded with the pretrial hearing. According to Ongera, Kinara failed to attend the pretrial hearing, where the trial court discussed that the trial would take place on November 16, 2021.[8]

In the days before trial, the trial court coordinator sent several emails to the parties relating to the trial date. On November 11 at 9:59 a.m., the coordinator sent an email to the parties, including Kinara, that contained the subject line "Tuesday Jury Trial November 19th 2021."[9] The body of that email included the following: "Please find the link below for the Trial that is set for Tuesday November 19th." That email also included a link for a Zoom meeting with the topic of "Jury Trial- Ongera" that was scheduled for November 16 at 9:00 a.m. At 10:00 a.m. on November 11—one minute after the coordinator sent her first email to the parties regarding the trial date—the coordinator sent another email to the parties, including Kinara, that contained the subject line "Tuesday Jury Trial November 16th 2021." The body of

---

[8]Because the appellate record does not contain a reporter's record, we do not have a transcript of the pretrial hearing.

[9]November 19 was a Friday, not a Tuesday. November 16—the actual trial date—was a Tuesday.

that email included the following: "Please find the link below for the Trial that is set for Tuesday November 16th." That email also included a link for a Zoom meeting with the topic of "Jury Trial- Ongera" that was scheduled for November 16 at 9:00 a.m. On November 15, the coordinator forwarded the 10:00 a.m. November 11 email to the parties, and the coordinator stated, "Please find the link below for Trail [sic] set for tomorrow November 16th."[10]

On November 16, the trial court conducted a trial, Kinara failed to appear, and the trial court granted a default judgment in favor of Ongera. In the default judgment, the trial court decreed that Kinara and Decedent were not married at the time of Decedent's death and that Ongera was Decedent's "next of kin for the purpose of controlling [her] remains." The trial court also awarded Ongera attorney's fees in the amount of $39,700.

Kinara later filed a motion to set aside the default judgment and for a new trial. In that motion, Kinara argued that he did not appear at trial due to an accident or mistake, referencing the email he had received from the trial court coordinator on November 11 at 9:59 a.m. that mentioned that the trial was set for "Tuesday November 19th." In an affidavit attached to his motion, Kinara averred that he "learned that the trial . . . was set for Tuesday, November 16, 2021, on the morning

---

[10]That same day—November 15—Kinara filed a handwritten motion for continuance, asking that the trial court continue "the jury trial date for the week of Nov 19th, 2021." Nothing in the record indicates that the trial court ever ruled on that motion for continuance or that Kinara ever set it for hearing.

trial was set to begin."[11]  According to Kinara, "[u]pon learning the actual trial date, [he] rushed to the courthouse to appear for trial.  [But by the time he] arrived, a default judgment had already been signed and entered into the Court's record."  In his affidavit, Kinara maintained that he "did not receive any actual or constructive notice that trial was to begin at 9:00 a.m. on November 16, 2021, until the day of trial."  Kinara argued that he had a meritorious defense to Ongera's causes of actions, describing Ongera's claims as ones of declaratory judgment, negligent misrepresentation, intentional infliction of emotional distress, and intrusion on seclusion.  Kinara also maintained that the granting of a new trial would not cause delay or injury to Ongera.  Kinara later requested that his motion be heard by submission.

In his response to Kinara's motion to set aside the default judgment and for a new trial, Ongera argued that Kinara's failure to appear at trial was due to conscious indifference.  To support his claim of conscious indifference, Ongera attached to his response the emails sent by the trial court coordinator at 10:00 a.m. on November 11 and on November 15, both of which referenced the November 16 trial date.  As to Kinara's argument of a meritorious defense to Ongera's claims, Ongera took issue with Kinara's description of Ongera's claims, stating that the only claim that proceeded to trial "was the issue of which party had the right to control [Decedent's]

_____

[11]Kinara does not explain how he purportedly learned this information.

8

remains." Ongera also explained that the timing of Kinara's motion for new trial would cause delay and work a prejudice to him, pointing to the fact that delay would cause further deterioration of Decedent's body that could "possibly destro[y] evidence that could provide answers to her death" and would postpone the closure that would be provided by Decedent's funeral. The trial court later denied Kinara's motion or it was overruled by operation of law,[12] and this appeal followed.

## III. DISCUSSION

### A. The Trial Court's Denial of Kinara's Motion to Set Aside the Default Judgment and Grant Him a New Trial

In his first issue, Kinara argues that the trial court abused its discretion by denying his motion to set aside the default judgment and grant him a new trial.

#### 1. Standard of Review and Applicable Law

We review a trial court's decision to deny a motion to set aside a default judgment and grant a new trial for abuse of discretion. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009). In determining whether a trial court abused its

_____

[12]An order denying Kinara's motion to set aside the default judgment and for a new trial does not appear in the appellate record, and the case summary included in the clerk's record does not show the trial court signed one. Both parties indicate in their briefs, however, that the trial court denied Kinara's motion, although neither party cites to an order signed by the trial court denying the motion. Even if the trial court did not sign a written order denying Kinara's motion, the motion would be overruled by operation of law. *See* Tex. R. Civ. P. 329b(c) (providing that a motion for new trial is overruled by operation of law if not determined by written order within seventy-five days after the judgment was signed). Because the timing of the denial is not relevant to any issue in the appeal, it does not matter whether the motion was denied by order or operation of law.

9

discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). When no findings of fact and conclusions of law are filed, the denial of a motion to set aside the default judgment and for a new trial must be upheld on any legal theory supported by the evidence.[13] *Huey-You v. Kimp*, No. 02-16-00172-CV, 2018 WL 359633, at *5 (Tex. App.—Fort Worth Jan. 11, 2018, pet. denied) (mem. op.).

In *Craddock v. Sunshine Bus Lines, Inc.*, the Texas Supreme Court established a three-factor test for setting aside a default judgment. 133 S.W.2d 124, 126 (Tex. 1939). Under the test, a default judgment should be vacated and a new trial granted when (1) the defaulting party establishes that the failure to answer or to appear was not intentional or the result of conscious indifference but rather was due to a mistake or an accident, (2) the motion for a new trial sets up a meritorious defense, and (3) granting the new trial will not cause delay or work other injury to the prevailing party. *In re R.R.*, 209 S.W.3d 112, 114–15 (Tex. 2006); *Craddock*, 133 S.W.2d at 126. When a defaulting party satisfies all three *Craddock* factors, a trial court abuses its discretion if it fails to grant a new trial. *Dolgencorp*, 288 S.W.3d at 926. The *Craddock* test applies to a post-answer default judgment entered when a party fails to appear at a

---

[13]Here, the record does not show that any findings of fact or conclusions of law were requested or made.

trial setting. *In re T.F.*, No. 02-18-00299-CV, 2019 WL 2041790, at *3 (Tex. App.—Fort Worth May 9, 2019, no pet.) (mem. op.).

With respect to the first factor, a defendant's burden is satisfied when the factual assertions, if true, negate intentional or consciously indifferent conduct by the defendant and the factual assertions are not controverted by the plaintiff. *Sutherland v. Spencer*, 376 S.W.3d 752, 755 (Tex. 2012). Consciously indifferent conduct occurs when "the defendant knew it was sued but did not care." *Id.* "In determining whether the failure to appear was due to intentional disregard or conscious indifference, the court 'must look to the knowledge and acts of the defendant.'" *Century Sports Wears, Inc. v. Wallis Bank*, No. 02-20-00201-CV, 2021 WL 1685957, at *3 (Tex. App.—Fort Worth Apr. 29, 2021, pet. denied) (mem. op.) (quoting *Strackbein v. Prewitt*, 671 S.W.2d 37, 39 (Tex. 1984)). The party seeking a new trial has the burden to prove the lack of intent or conscious indifference by offering some excuse for the failure to appear, but the excuse need not necessarily be a good excuse. *Sutherland*, 376 S.W.3d at 755; *Century Sports Wears, Inc.*, 2021 WL 1685957, at *3. In other words, "[a] failure to appear is not intentional or due to conscious indifference . . . merely because it was deliberate; it must also be without adequate justification. Proof of such justification—accident, mistake, or other reasonable explanation—negates the intent or conscious indifference for which reinstatement can be denied." *Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995).

11

When the party who obtained the default judgment presents controverting evidence to show that the defaulted party acted intentionally or with conscious disregard to his rights, the question of why the defaulted party failed to answer presents a fact question, which is resolved by the factfinder. *La. C. Store Wholesaler, Inc. v. Royal Nett Apparel, LLC*, No. 02-17-00331-CV, 2018 WL 3059966, at *3 (Tex. App.—Fort Worth June 21, 2018, no pet.) (mem. op.). In that event, the trial court, acting as the factfinder, may generally believe all, none, or part of the evidence. *Id.* "Thus, a trial court can reasonably believe, based on contradictory evidence, that there was intentional or consciously indifferent conduct on the part of a defendant." *Id.*

When a plaintiff contests the first *Craddock* factor, an evidentiary hearing with live witnesses is ordinarily required. *Pinole Valley Trucking, Inc. v. Tex. Dev. Co.*, No. 01-08-00599-CV, 2009 WL 1025750, at *5 (Tex. App.—Houston [1st Dist.] Apr. 16, 2009, no pet.) (mem. op.); *Puri v. Mansukhani*, 973 S.W.2d 701, 715 (Tex. App.—Houston [14th Dist.] 1998, no pet.). But no abuse of discretion occurs when the first *Craddock* factor is contested and the record fails to show any attempt to obtain an evidentiary hearing on such a motion. *See Pinole Valley Trucking*, 2009 WL 1025750, at *5 (holding no abuse of discretion where first *Craddock* factor was contested, the record reflected no attempt by the defendant to obtain a hearing on its motion for new trial, and the motion was overruled by operation of law); *Puri*, 973 S.W.2d at 715 ("Because appellant failed to request a hearing on the contested issue of conscious

12

indifference and allowed the motion to be overruled by operation of law, we cannot say that an abuse of discretion has occurred.").

### 2. Application of the Law to the Facts

With respect to the first *Craddock* factor, Kinara argues that his failure to appear at trial was inadvertent and was not due to intentional disregard or conscious indifference. Kinara points to the November 11, 2021 email from the court coordinator at 9:59 a.m. that stated that trial was set for "Tuesday November 19th." According to Kinara, he "reasonably relied on the information contained in the trial notice and did not discover that trial was actually set on November 16, 2021, until after the default judgment was signed." In response, Ongera points to, among other things, the controverting evidence that he included with his response to Kinara's motion—the November 11, 2021 email from the court coordinator at 10:00 a.m. and the November 15, 2021 email from the court coordinator, both of which indicate that the trial was set for Tuesday, November 16—to demonstrate that the trial court did not abuse its discretion by denying Kinara's motion for default judgment and for new trial.

After reviewing the record and the arguments of the parties, we find no abuse of discretion. Here, in the weeks prior to the November 16, 2021 trial, Kinara had notice that the trial would take place during the week of November 15, 2021. That notice was contained in the October 26 order setting the trial date, the November 3 amended motion to withdraw filed by Kinara's counsel, and the November 8 motion

for continuance also filed by Kinara's counsel. Those filings also indicated that a pretrial hearing would be held on November 9. Here, Kinara did not attend the pretrial hearing where he could have learned about the specific date that trial would begin.

More importantly, in the days before the November 16 trial, the trial court coordinator sent emails to the parties, including Kinara, regarding the trial date. Kinara relies on the email sent by the coordinator on November 11 at 9:59 a.m. that stated that the trial was set for "Tuesday November 19th." Kinara baldly maintains that he "did not receive any other notice of the exact date on which trial would commence" other than that email. But Ongera presented controverting evidence that Kinara received other emails from the coordinator at the same email address that made clear that the trial was set for November 16. Most importantly, Ongera presented evidence that the coordinator sent Kinara an email on November 11 at 10:00 a.m.—one minute after the incorrect email was sent—that made clear that the trial was set for November 16. On November 15, the coordinator sent Kinara another email that again indicated that trial was set for November 16. Given that conflicting evidence—along with the fact that November 19, 2021, was a Friday, not a Tuesday; that the November 11 email at 9:59 a.m. that Kinara relies on also contained a link for a Zoom meeting with the topic of "Jury Trial- Ongera" that was scheduled for November 16 at 9:00 a.m.; and that the trial-court record is rife with instances where Kinara had sought to delay the trial date—the trial court could have reasonably

believed that Kinara's failure to attend trial was intentional or the result of his conscious indifference and not due to accident or mistake.[14] *See Craddock*, 133 S.W.2d at 126; *La. C. Store Wholesaler*, 2018 WL 3059966, at *3. Moreover, because the first *Craddock* factor was contested and the record fails to show any attempt to obtain an evidentiary hearing on the motion—rather, Kinara requested that the motion be heard by submission—we cannot say that the trial court abused its discretion by denying Kinara's motion or allowing it to be overruled by operation of law. *See Pinole Valley Trucking*, 2009 WL 1025750, at *5; *Puri*, 973 S.W.2d at 715.

Because Kinara has not established the first *Craddock* factor—that his failure to appear was not intentional or the result of conscious indifference but rather was due to an accident or mistake—we overrule Kinara's first issue.[15]

## B. Notice Under Rule 245

In his second issue, Kinara argues that the trial court failed to provide at least forty-five days' notice of the November 16, 2021 trial setting as required by Texas Rule of Civil Procedure 245.

---

[14]The trial court could have also determined that Kinara's explanation was unreasonable. *See Smith*, 913 S.W.2d at 468. To that end, while Kinara does not mention the other emails from the trial court coordinator indicating that trial was to take place on November 16, Kinara seemingly argues that he received the November 11 email at 9:59 a.m. but that he did not receive the November 11 email at 10:00 a.m. or the November 15 email. Based on the record as a whole, the trial court could have found that explanation to be incredible.

[15]We need not address whether Kinara has established the second or third *Craddock* factors. *See* Tex. R. App. P. 47.1.

### 1. Applicable Law

Under Rule 245, a trial court must give the parties at least forty-five days' notice of the first trial setting in a contested case. Tex. R. Civ. P. 245. But when a case has been previously set for trial, the trial court may reset it to a later date on reasonable notice to the parties. *Id.* "To preserve a complaint about insufficient notice under Rule 245, '[a] party must timely and specifically object to insufficiency of notice under [R]ule 245, or the error is waived.'" *Stone v. Stone*, No. 02-18-00163-CV, 2020 WL 3410502, at *4 (Tex. App.—Fort Worth May 28, 2020, pet. denied) (mem. op.) (quoting *In re A.H.*, No. 2-06-211-CV, 2006 WL 3438179, at *1 (Tex. App.—Fort Worth Nov. 30, 2006, no pet.) (mem. op.)). "The objection must be made before trial; a [R]ule 245 objection made in a motion for new trial is untimely and preserves nothing for review." *Id.*; *A.H.*, 2006 WL 3438179, at *1.

### 2. Application of the Law to the Facts

Here, Kinara did not complain that he received insufficient notice of the November 2021 trial date until he filed his motion to set aside the default judgment and for a new trial. Thus, Kinara has waived any complaint regarding insufficient notice of the November 16, 2021 trial date. *See Stone*, 2020 WL 3410502, at *4; *A.H.*, 2006 WL 3438179, at *1; *Custom-Crete, Inc. v. K-Bar Servs., Inc.*, 82 S.W.3d 655, 659 (Tex. App.—San Antonio 2002, no pet.) ("A party may waive a complaint [under Rule 245] by failing to take action when the party receives some, but less than forty-five days['] notice.").

Moreover, even if Kinara had not waived this complaint, we would still reject it because he received more than forty-five days' notice of the initial trial setting. In its January 29, 2021 order granting Ongera a temporary restraining order, the trial court set this case for trial on March 23, 2021. Thus, Kinara had fifty-three days' notice of the initial trial setting. When the trial court reset the trial date on October 26, 2021, it gave approximately twenty days' notice of the trial set "for the week of November 15, 2021." Such notice was reasonable. *See O'Connell v. O'Connell*, 843 S.W.2d 212, 216 (Tex. App.—Texarkana 1992, no writ) (concluding that eight days' notice was reasonable when case had been reset previously). We overrule Kinara's second issue.[16]

## IV. CONCLUSION

Having overruled Kinara's two issues, we affirm the trial court's judgment.

---

[16]Under the argument section of his second issue, Kinara spends two sentences arguing that the trial court deprived him of due process by ruling on his motion to set aside the default judgment and for a new trial before his deadline to file a reply to Ongera's response was due under a scheduling deadline established by the trial court. But Kinara does not cite an order denying his motion, and nothing in the record shows his motion was denied before the reply date set by the trial court. In addition, Kinara has cited us no law that requires a trial court to allow a party to file a reply to a response on a motion to set aside a default judgment prior to ruling on the motion, and we have found none. Moreover, even if the trial court did somehow err by ruling on Kinara's motion prior to the deadline it had set for Kinara to file a reply brief, Kinara has presented no argument or proof that the alleged error caused him any harm. *See* Tex. R. App. P. 44.1(a). Thus, we reject Kinara's argument.

/s/ Dana Womack

Dana Womack
Justice

Delivered:  November 17, 2022