# NO. 12-23-00313-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST* | § | *APPEAL FROM THE* |
| *OF B. D. M.,  A CHILD* | § | *COUNTY COURT AT LAW* |
| | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

J.D.M. appeals the trial court's modification order in this suit affecting the parent-child relationship between her and B.D.M., her child.  She raises two issues on appeal.  We affirm.

### BACKGROUND

On June 2, 2023, B.M., B.D.M.'s father, filed his petition to modify the parent-child relationship.  In his petition, B.M. sought to change conservatorship, having himself appointed as the sole managing conservator of B.D.M. and the geographic restriction to include Lubbock, Texas.  Under the previous order, B.M. and J.D.M. were appointed joint managing conservators and J.D.M. had the exclusive right to designate the primary residence of the child without regard to geographic restriction.

On June 8, J.D.M. received service of process.  She filed her answer on June 27.  The trial court issued its notice of setting on August 10 for "Motion to Modify Hearing."  The trial court conducted an in-person bench trial on September 14.  The trial court signed an order on notice of changed status on September 19, wherein it appointed B.M. as "Managing Conservator of the child" and appointed J.D.M. as "Possessory Conservator of the child."  The trial court then designated B.M. as the party with the right to "determine the child's primary residence within the State of Texas."  Additionally, the Court ordered that J.D.M.'s possession and access to B.D.M. be supervised "in the city in which the child resides."

J.D.M. filed her motion for new trial on October 19, which was overruled by operation of law on December 3. This appeal followed.

## RULE 245

In her second issue, J.D.M. contends the trial court abused its discretion in rendering a final judgment without providing her proper notice of the trial setting. In particular, she contends that the trial court's order on notice of changed status should be set aside and a new trial granted because she did not receive at least forty-five days' notice of the trial setting. In her first issue, J.D.M. contends the trial court abused its discretion in allowing her motion for new trial to be overruled by operation of law without a hearing because the trial court failed to give proper notice of the trial setting. Because these issues are related, we address them together.

### Standard of Review

When a motion for new trial is denied through operation of law, an appellate court reviews whether the trial court abused its discretion in allowing the motion to be overruled. *Limestone Const., Inc. v. Summit Commercial Indus. Properties, Inc.*, 143 S.W.3d 538, 542 (Tex. App.— Austin 2004, no pet.) (citing *Bank One, Tex., NA. v. Moody*, 830 S.W.2d 81, 85 (Tex. 1992)). A trial court's ruling will not be disturbed on appeal absent a showing of an abuse of discretion. *Cliff v. Huggins*, 724 S.W.2d 778, 778 (Tex. 1987).

A trial court abuses its discretion when it fails to analyze or apply the law correctly. *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004) (quoting *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992)). Further, a trial court abuses its discretion when its decision is arbitrary, unreasonable, and without reference to guiding principles. *Ortiz v. Legal Concierge, Inc.*, 263 S.W.3d 385, 390 (Tex. App.—Dallas 2008, pet. denied) (internal quotations and citations omitted).

### Applicable Law

Under Rule 245, a trial court must give the parties at least 45 days' notice of the first trial setting in a contested case. TEX. R. CIV. P. 245. The forty-five-day notice provision is mandatory. *Custom–Crete, Inc. v. K–Bar Servs., Inc.*, 82 S.W.3d 655, 659 (Tex. App.—San Antonio 2002, no pet.). Failure to give the notice results in a violation of fundamental due process. *In re K.M.L.*, 443 S.W.3d 101, 119–20 (Tex. 2014).

2

However, a party waives any error from the trial court's failure to comply with Rule 245 if she proceeds to trial and does not object to the lack of notice. ***Keith v. Keith***, 221 S.W.3d 156, 163 (Tex. App.—Houston [1st Dist.] 2006, no pet.). "A party may waive a complaint by failing to take action when the party receives some, but less than forty-five days', notice." ***Custom–Crete***, 82 S.W.3d at 659. To preserve a complaint about non-compliance with the notice requirement of Rule 245, a party must timely and specifically object to the untimely notice. ***Abend v. Fed. Nat'l Mortg. Ass'n***, 466 S.W.3d 884, 886 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *see* TEX. R. APP. P. 33.1. To be timely, a complaint regarding insufficient notice under Rule 245 must be made before trial; a Rule 245 objection made for the first time in a motion for new trial is untimely and preserves nothing for review. ***Szanyi v. Gibson***, No. 01-15-00895-CV, 2016 WL 3269975, at *3 (Tex. App.—Houston [1st Dist.] June 14, 2016, no pet.) (mem. op.); *see also* ***Stone v. Stone***, No. 02-18-00163-CV, 2020 WL 3410502, at *4 (Tex. App.—Fort Worth May 28, 2020, pet. denied) (mem. op.); ***In re Dorner***, No. 06-14-00005-CV, 2014 WL 3737961, at *2 (Tex. App.—Texarkana June 6, 2014, no pet.) (mem. op.).

Generally, the decision to hold an evidentiary hearing on a motion for new trial in a civil case is within the trial court's discretion. ***Jurgens v. Martin***, 631 S.W.3d 385, 420 (Tex. App.—Eastland 2021, no pet.); ***Hamilton v. Pechacek***, 319 S.W.3d 801, 807 (Tex. App.—Fort Worth 2010, no pet.); ***Landis v. Landis***, 307 S.W.3d 393, 394 (Tex. App.—San Antonio 2009, no pet.). A trial court is required to conduct a hearing only after it is requested by a party and when the motion for new trial presents a question of fact upon which evidence must be heard. ***Hensley v. Salinas***, 583 S.W.2d 617, 618 (Tex. 1979) (per curiam).

## Discussion

The trial court issued its notice of trial setting on August 10, setting the hearing for September 14, which is only thirty-five days' notice. J.D.M. appeared at the hearing. The trial court asked, "Are you ready today to proceed with this final hearing?" J.D.M. replied, "Yes," and the matter proceeded to trial. The first time J.D.M. lodged an objection to the lack of timely notice was in her motion for new trial, which she filed on October 19. The trial court held no hearing on the motion for new trial, which was subsequently overruled by operation of law.

Because J.D.M. did not complain about lack of reasonable notice under Rule 245 until she filed her motion for new trial, she did not preserve this alleged error. *See, e.g.*, ***C4 Food Truck, LLC v. Lewis***, No. 14-21-00292-CV, 2024 WL 973760, at *1–2 (Tex. App.—Houston [14th Dist.]

3

Mar. 7, 2024, no pet. h.) (mem. op.); **Stone**, 2020 WL 3410502, at \*4–5 (holding appellant failed to preserve Rule 245 issue upon receiving twenty-nine days' notice because she participated in trial and did not object for untimely notice until filing her motion for new trial).

Accordingly, the trial court correctly applied the law, acting in accordance with guiding principles, and did not abuse its discretion in failing to grant her motion for new trial. *See **Stone***, 2020 WL 3410502, at \*4–5. Moreover, because the trial court properly denied the motion, it did not abuse its discretion in allowing the motion to be overruled by operation of law. *See **id.*** In any event, J.D.M. was not entitled to a hearing on the motion for new trial, because evidence on a question of fact was unnecessary to the disposition of the motion. *See **Jurgens***, 631 S.W.3d at 420.

For the above reasons, J.D.M.'s first and second issues are overruled.


## DISPOSITION

Having ***overruled*** J.D.M.'s two issues, the trial court's judgment is ***affirmed***.


**BRIAN HOYLE**
Justice

Opinion delivered June 21, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 21, 2024**

**NO. 12-23-00313-CV**

**IN THE INTEREST OF B. D. M., A CHILD**

Appeal from the County Court at Law
of Smith County, Texas (Tr.Ct.No. 20-5235-E)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the Appellant, **J.D.M.**, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*