Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# OPINION

No. 04-10-00130-CV

In the **INTEREST OF B.H.B.**, C.M.B., and D.R.B., Children,

From the 81st Judicial District Court, Atascosa County, Texas
Trial Court No. 06-09-0673-CVA
Honorable Stella Saxon, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:        Karen Angelini, Justice
                Rebecca Simmons, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  December 15, 2010

MOTION TO DISMISS GRANTED; APPEAL DISMISSED

This is a restricted appeal from the trial court's termination of appellant mother's parental rights.  On appeal, mother argues the trial court erred in entering the termination decree (1) based on insufficient and fraudulent testimony, (2) without notice to any other party, and (3) without any pleadings to support the termination decree.  Appellee father filed a motion to dismiss the appeal for want of jurisdiction, contending mother failed to meet one of the requirements for perfecting a restricted appeal and accepted the benefits of the judgment.  Because mother participated in the decision-making event resulting in the termination decree, we conclude we lack jurisdiction over this restricted appeal.  We therefore grant father's motion to dismiss, and dismiss mother's appeal for want of jurisdiction.

BACKGROUND

On July 2, 2009, mother executed an affidavit of voluntary relinquishment of her parental rights regarding her children, B.H.B, C.M.B., and D.R.B. On August 26, 2009, a final hearing was held wherein the trial court terminated mother's parental rights based on findings that she "executed an unrevoked or irrevocable affidavit of relinquishment of parental rights," and that "termination of the parent-child relationship between [mother] and the children . . . is in the best interest of the children." In addition to terminating her parental rights, the decree ended mother's obligation to continue making court-ordered child-support payments. Mother filed a notice of restricted appeal, seeking to reverse the termination of her parental rights. In response, father filed a motion to dismiss the appeal for want of jurisdiction.

ANALYSIS

To prevail on a restricted appeal, an appellant must demonstrate: (1) the notice of restricted appeal was filed within six months of the date of the judgment or order; (2) she was a party to the suit; (3) she did not participate in the hearing that resulted in the judgment complained of, and did not file a timely post-judgment motion or request for findings of facts and conclusions of law; and (4) error is apparent from the face of the record. TEX. R. APP. P. 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Seymour v. Seymour*, No. 14-07-00280-CV, 2009 WL 442259, at *2 (Tex. App.—Houston [14th Dist.] Feb. 10, 2009, no pet.) (mem. op.).

Father contends we have no jurisdiction over this restricted appeal because mother participated. We agree.

Lack of participation is a jurisdictional requirement for review by restricted appeal. *Alexander*, 134 S.W.3d at 848. "The nature and extent of participation precluding a restricted appeal in any particular case is a matter of degree because trial courts decide cases in a myriad of

procedural settings." *Texaco, Inc. v. Cent. Power & Light Co.*, 925 S.W.2d 586, 589 (Tex.1996). The question is whether appellant has participated in "the decision-making event" that results in the judgment adjudicating appellant's rights. *Id.*; *Serna v. Webster*, 908 S.W.2d 487, 494 (Tex. App.—San Antonio 1995, no writ).

Courts have held waiver of service and a party's statement that she has made a general appearance for all purposes in proceedings does not rise to the level of participation precluding a restricted appeal. *See, e.g.*, *Campsey v. Campsey*, 111 S.W.3d 767, 771 (Tex. App.—Fort Worth 2003, no pet.). And, waiver of citation and signing a preliminary divorce agreement do not establish participation in the decision-making event so as to preclude a restricted appeal. *Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex. 1985). However, a party who waives citation, the making of a statement of facts, and signs the judgment prior to entry has participated sufficiently to preclude a restricted appeal. *See Blankinship v. Blankinship*, 572 S.W.2d 807, 808 (Tex. 1978). Similarly, a party absent from the hearing wherein a divorce decree is proven up, but who waives citation, the making of a record, and signs a motion to reinstate requesting the trial court to finalize the divorce decree, has participated in the entry of judgment. *Seymour*, 2009 WL 442259, at *2.

Although mother was not present at the hearing in which the termination of parental rights decree was ordered, she signaled her agreement to the termination by signing a sworn and very detailed affidavit of relinquishment of her parental rights. In the affidavit, mother stated, "I freely and voluntarily relinquish to [father] all my parental rights and duties," and confirmed, "I fully understand that a lawsuit will be promptly filed in a court of competent jurisdiction to terminate forever the parent-child relationship between me and the children . . . ." She also acknowledged, among other things:

I do not want to go to court in person and choose not to be represented by a lawyer. I want this Affidavit of Voluntary Relinquishment of Parental Rights presented to the Court.

Because I do not want to testify in person before the Court, I freely and voluntarily waive and give up my right to the issuance, service, and return of citation, notice, and all other process in any suit to terminate my parental rights.

I do not want to be informed further about the lawsuit. I specifically agree that a final hearing in the lawsuit may be held at any time without further notice to me.

Based on her sworn statements, we hold mother participated in the decision-making event that resulted in the judgment terminating her parental rights. *See id.*; *see also Pierce v. Abbott*, No. 04-98-00150-CV, 1998 WL 201583, at *1 (Tex. App.—San Antonio 1998, no writ) (noting absence at time trial court signed divorce decree did not negate participation, and holding waiver of citation, making of record, and consenting to terms of divorce decree constituted participation precluding review of restricted appeal). The affidavit of voluntary relinquishment of mother's parental rights made the termination possible. *See Texaco, Inc.*, 925 S.W.2d at 589.

Mother claims she did not participate in the underlying litigation, and submits affidavits and other materials that are not part of the appellate record. The participation issue is limited to the evidence presented before the trial court at the time it rendered its decision, so we cannot consider such material in this appeal. *See Alexander*, 134 S.W.3d at 848 (holding "an affidavit that was executed after the case had reached this Court . . . constitutes extrinsic evidence that cannot be considered in a restricted appeal."). Accordingly, because we conclude mother participated in the decision-making event resulting in the termination decree, we lack jurisdiction over this restricted appeal.

## CONCLUSION

We grant father's motion to dismiss, and dismiss the appeal for want of jurisdiction.

Marialyn Barnard, Justice