

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00315-CV

Dakota Snow **PIKE GRANT**,
Appellant

v.

Jeffrey Alan **GRANT**,
Appellee

From the 83rd Judicial District Court, Val Verde County, Texas
Trial Court No. 27731
Honorable Bert Richardson, Judge Presiding[1]

Opinion by: Marialyn Barnard, Justice

Sitting: Karen Angelini, Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed: February 13, 2013

DISMISSED FOR WANT OF JURISDICTION

This is a restricted appeal from a judgment in a divorce proceeding. On appeal, appellant

Dakota Snow Pike Grant ("Pike Grant") contends the judgment should be set aside because: (1)

she did not receive notice of the final hearing; (2) the pleadings do not support the relief granted

with regard to conservatorship and possession and access to the minor child; and (3) there was

legally and factually insufficient evidence to support the relief granted regarding conservatorship

---

[1] The Honorable Bert Richardson, sitting as a visiting judge, signed the final judgment. The Honorable Carl Pendergrass, deceased, was the judge of the 83rd Judicial District Court, Val Verde County, Texas.

of the minor child, possession and access to the minor child, child support, and division of the martial property. We dismiss the appeal for want of jurisdiction.

## BACKGROUND

Dakota Snow Pike Grant and Jeffrey Alan Grant ("Grant") were married in 2008. During the marriage, they had one child, a boy, who was born in December 2008. The couple separated in May 2009. Before the separation, they resided in Val Verde County, Texas.

Not long after the couple separated, Grant filed for divorce and Pike Grant was personally served, according to the sheriff's return, with a "non-resident citation" at "6 High Street, Bainbridge, Chenango County, New York 13733" on June 2, 2009. Pike Grant filed an answer on June 17, 2009; her attorney was listed as David B. Black. Thereafter, Pike Grant filed a counterpetition for divorce. The matter was dormant for quite some time until February 2011 when Grant filed motions to expedite hearing to determine custody and to modify temporary orders.[2] That same month, the trial court granted the motion to expedite hearing and modified its prior temporary orders to require that the minor child be returned to Texas. After an April 1, 2011 hearing, the trial court further modified its prior temporary orders, naming Grant temporary sole managing conservator and ordering Pike Grant to release custody of the child to Grant within ten days of the date of the hearing. Pike Grant was awarded temporary possessory conservatorship with standard possession. Although Pike Grant received notice of this hearing from the trial court via facsimile transmission to her attorney, she failed to appear.

---

[2] These filings may have been prompted by actions in New York by the New York State Office of Children and Family Services, specifically the Child Abuse and Maltreatment Register. On February 1, 2011, Grant received a letter informing him he was named as "another person . . . in a report of suspected child abuse or maltreatment" on January 26, 2011. On February 15, 2011, Grant was advised that an investigation found credible evidence to support the determination that maltreatment or abuse has occurred; however, he was determined "not to be responsible" for causing alleged injury, abuse or maltreatment, or of allowing such injury. The grandparents of the minor child's half-brother reported that Pike Grant neglected their grandson and Grant's son, leaving them unattended, despite the fact that the boys were four and two-years-old respectively. The grandparents reported that Pike Grant, who recently gave birth to a daughter, wanted the grandparents to take the boys, which they often did, but did not want official custody orders, fearing she would lose her benefits.

On June 27, 2011, Grant filed a motion to set the case for a non-jury trial on September 27, 2011. The trial court signed an order granting the motion and setting the case for trial on September 27, 2011. A letter from the trial court's coordinator, dated August 29, 2011, was sent to the attorneys of record, including Pike Grant's attorney, Black, enclosing the order and advising them of the trial setting.

Simultaneously with the issuance of the order and letter, Pike Grant's attorney filed a motion to withdraw. The certificate of service states the motion was served in accordance with the Texas Rules of Civil Procedure on August 29, 2011; the motion is file-stamped by the district clerk's office on August 30, 2011. The letter that accompanied the motion shows the motion was served on Pike Grant by certified mail, return receipt requested and first class mail. The motion to withdraw advised Pike Grant there were "no pending settings or deadlines." Clearly, Black had not yet received the trial court's August 29, 2011 order setting the matter for trial. The trial court never signed an order with regard to Black's motion to withdraw; rather, the record establishes the order was returned "unsigned."

On August 31, 2011, Black sent a letter to the court coordinator in which he explained that he received the notice setting the case for trial on September 27, 2011, but that he had received it after he filed the motion to withdraw. He then advised the court he had other settings on that day that would "preclude my ability to be there in your court at 11:00 a.m." He then asked if a hearing on his motion to withdraw was required and stated that although he sent a copy of the motion to Pike Grant, he had not heard from her in over a year.

On September 15, 2011, Grant filed a motion to appear by telephone at the September 27, 2011 trial, explaining the Air Force reassigned him to a new base in the north, and it would be expensive and difficult for him to return to Texas for the hearing. He specifically explained it would be difficult to make arrangements for child care. The trial court granted the motion.

On September 27, 2011, the court called the case for trial. The reporter's record reflects Grant appeared telephonically and his attorney appeared in person. Neither Pike Grant nor her attorney appeared. At the beginning of the hearing, Grant's attorney explained the history of the case to the trial judge, who was not the judge who had originally dealt with this matter. This included explaining to the trial judge that Pike Grant's attorney had filed a motion to withdraw because he had not been in contact with her for more than a year. Grant advised the court he had spoken to Pike Grant, telling her she needed to contact her attorney about the trial, but she advised him "she doesn't have a lawyer in Texas."

The trial court inquired about whether Pike Grant had notice of the hearing, noting that in his motion to withdraw, her attorney advised her there were no pending settings or deadlines. Grant's attorney responded, stating his office "sent [Pike Grant] copies of the notice for today by regular mail." The attorney admitted he never received a response from Pike Grant, and he further admitted there was nothing in the court's file to establish what he sent to her. The trial court was concerned about the lack of notice and suggested they call Black and ask "if he provided her with notice." The reporter's record reflects a call was made to Black's office, but Black was not available. Grant testified during the hearing that he told Pike Grant about the hearing, but she responded that she had no attorney and "it wasn't her business."

After the trial court swore Grant in as a witness, Grant's attorney established through Grant residency for purposes of jurisdiction and that the couple had one child during the marriage. Grant testified he and Pike Grant reached an agreement with regard to their marital property and debts, and it was fair and equitable. But, Grant testified he and Pike Grant had not reached an agreement with regard to "conservatorship, possession and support" of the minor child. Grant requested he be appointed sole managing conservator of the minor child and Pike Grant be awarded standard visitation, just as the trial court did in the temporary orders. Grant

advised that the temporary orders giving him sole managing conservatorship were based on an active investigation in New York regarding possible neglect or abuse of the child by Pike Grant. Grant stated it would be in the child's best interest to name him sole managing conservator.

Thereafter, Grant's attorney showed him a proposed final decree of divorce, which Grant testified he recognized and had reviewed. Grant stated the document contained a division of property and an award of conservatorship in accord with his testimony. Grant testified he was asking the court to approve the proposed final decree of divorce.

On November 29, 2011, the trial court signed the final decree of divorce. The decree states that matter was heard on November 29, 2011, and all parties appeared in person with their counsel. In the decree, the trial court granted the divorce, divided the marital estate, and determined conservatorship and access. On May 22, 2012, having missed the deadline for filing a standard notice of appeal, Pike Grant filed a notice of restricted appeal.

### ANALYSIS

On appeal, Pike Grant raises three issues contesting the default judgment.[3] She first contends the default judgment should be set aside because she did not receive notice of the final hearing. She next argues the judgment should be set aside because the trial court granted Grant relief that was unsupported by his pleadings. Finally, she contends the evidence is legally and factually insufficient to support the portion of the final decree that requires her to pay child support beginning April 26, 2011.

As noted above, this is a restricted appeal. Accordingly, before we review any of Pike Grant's substantive complaints, we must determine if she has met the required elements for a restricted appeal, which are jurisdictional.

---

[3] Grant did not file a brief in response to the brief filed by Pike Grant.

To bring a restricted appeal, Pike Grant must show: (1) she filed a notice of restricted appeal within six months after the judgment was signed; (2) she was a party to the underlying suit; (3) she did not participate in the hearing that resulted in the judgment complained of, and did not timely file any postjudgment motions or a request for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See Ins. Co. of State of Penn. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (citing *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004)); *In re B.H.B.*, 336 S.W.3d 303, 305 (Tex. App.—San Antonio 2010, pet. denied); *see also* TEX. R. APP. P. 26.1(c) (stating that in restricted appeal, notice of appeal must be filed within six months of date judgment or order is signed); TEX. R. APP. P. 30 (stating that party who did not participate in hearing that resulted in judgment complained of and who did not timely file postjudgment motions, request for findings of fact and conclusions of law, or notice of appeal, may file restricted appeal). Each element of a restricted appeal is mandatory and jurisdictional. *Ibarra v. City of Laredo*, No. 04-11-00035-CV, 2012 WL 3025709, *4 (Tex. App.—San Antonio July 25, 2012, pet. denied) (citing *Serna v. Webster*, 908 S.W.2d 487, 491 (Tex. App.—San Antonio 1995, no writ)).

We hold Pike Grant has not established she did not participate in the hearing "that resulted in the judgment complained of." *See* TEX. R. APP. P. 30. Pike Grant contends she did not participate in the September 27, 2011 hearing, and presumes this is the hearing that resulted in the final judgment. However, the record establishes this was not the hearing that resulted in the final decree of divorce, and further shows Pike Grant participated in the hearing that did result in the final decree.

In the final judgment, which was signed on November 29, 2011, the trial court recites, in pertinent part:

> **On 11/29, 2011, the Court heard this case**.
>
> *Appearances*
>
> Petitioner, Jeffrey Alan Grant, appeared in person and through attorney of record, Jacques L. De La Mota, and announced ready for trial.
>
> Respondent, **Dakota Snow Pike Grant, appeared in person and through attorney of record, David B. Black, and announced ready for trial**.

(bolding added). Clearly, the judgment recites that a hearing was held on November 29, 2011, and Pike Grant appeared, as did her attorney.

Recitals in a judgment are presumed true, and this presumption is only rebutted where there is a conflict in the record. *Alcantar v. Oklahoma Nat'l Bank*, 47 S.W.3d 815, 823 (Tex. App.—Fort Worth 2001, no pet.); *F.S. New Products, Inc. v. Strong Indus., Inc.*, 129 S.W.3d 606, 629 (Tex. App.—Houston [1st Dist.] 2004), *rev'd on other grounds*, *Tesco Am., Inc. v. Strong Industries, Inc.*, 221 S.W.3d 550 (Tex. 2006*)*; *MJR Fin., Inc. v. Marshall*, 840 S.W.2d 5, 9 (Tex. App.—Dallas 1992, no writ). Here there is no conflict, other than Pike Grant's bare assertion in her notice of restricted appeal that she did not appear or participate in the November 29, 2011 hearing. Rather, that a hearing was held on November 29, 2011, and Pike Grant appeared at the hearing is supported not only by the recitals in the judgment, but by the trial court's statements at the conclusion of the September 27, 2011 hearing. In those statements, the trial court expressed its concern that Pike Grant did not appear and stated it would not sign the final decree until she appeared or the court determined she had no desire to appear:

> . . . if, in fact, she has no desire to come . . . and they represent that in a letter that they forward to the Court, then I'll go ahead and sign the divorce decree.
>
> If by some odd reason she says, ["]Hey, . . I want to be back in Del Rio to hash this out,["] she would have the right to do that . . .

Clearly, the trial court intended to wait to sign the decree until either Pike Grant appeared or provided written proof that she did not intend to appear. There is nothing in the record to

establish Pike Grant waived her rights to appear, and the trial court did not, according to the judgment, sign the final decree until some two months later, when it recited that Pike Grant appeared. Thus, based on the face of the record, we hold Pike Grant appeared and participated in the November 29, 2011 hearing that led to the entry of the final decree of divorce, which is the subject of this appeal.

Because the non-participation requirement is mandatory and jurisdictional in this restricted appeal, and because Pike Grant failed to establish she did not participate in the hearing that resulted in the judgment complained of, she is not entitled to relief, and the appeal must be dismissed for want of jurisdiction. *Ibarra*, 2012 WL 3024709, at \*5 (citing *Dillard v. Patel*, 809 S.W.2d 509, 512 (Tex. App.—San Antonio 1991, writ denied)).

## CONCLUSION

Based on the foregoing, we hold Pike Grant failed to prove she did not participate in the hearing that resulted in the judgment about which she complains, and in fact, the face of the record establishes she did participate. Accordingly, because lack of participation is a jurisdictional requirement for review by restricted appeal, and Pike Grant has failed to establish this element, we dismiss this appeal for want of jurisdiction.

Marialyn Barnard, Justice