**Opinion issued December 21, 2021**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-20-00728-CV**

_____

**MARIO ORTEGA, Appellant**

**V.**

**SANDRA CENTENO BLANCO, Appellee**

---

**On Appeal from the 311th District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-49198**

---

## MEMORANDUM OPINION

In this restricted appeal, appellant, Mario Ortega, challenges the trial court's final divorce decree, entered after a bench trial, in the suit of appellee, Sandra Centeno Blanco, for divorce. In five issues, Ortega contends that the trial court erred in awarding Blanco the exclusive right to designate the primary residence of their

minor children "without regard[] to geographical restriction," awarding Blanco the exclusive right "to apply for and hold the passport[s] for" their minor children, awarding Blanco a "disproportionate division of community property," making certain docket sheet entries, and "failing to require [Blanco] to provide" information required by Texas Family Code sections 154.181(b) and 154.1815 before rendering the final divorce decree.

We dismiss the appeal for lack of jurisdiction.[1]

## Background

In her petition for divorce, Blanco sought a divorce from Ortega, whom she married on March 17, 2001 and separated from on or about June 1, 2019. According to Blanco, she and Ortega had two minor children, T.O. and J.O. (the "children"). She requested that the trial court "make orders for conservatorship of, possession of, access to, and support of the children" and "divide th[e] estate in a manner that the [trial] [c]ourt deem[ed] just and right."

In response to the petition for divorce, a document, titled "Waiver of Service," was filed in the trial court. The document was signed by Ortega and notarized. In the document, Ortega stated:

---

[1]    In accordance with Texas Rule of Appellate Procedure 42.3, we provided Ortega with notice of our intention to dismiss for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

I acknowledge that I have been provided a copy of the [o]riginal [p]etition for [d]ivorce filed in this case. I have read and understand the contents of that document.

I understand that the Texas Rules of Civil Procedure require, in most instances, that a party or respondent be served with citation. I do not want to be served with citation, and I waive the issuance and service of citation.

I enter my appearance in this case for all purposes.

I waive the making of a record of testimony in this case.

I waive any rights that I may have with regard to the division of my interest in [Blanco's] and my property.

I waived any rights that I may have with respect to the terms and conditions of conservatorship, support, and parental rights and duties related to the children of my relationship with [Blanco].

(Internal quotations omitted.)

After a bench trial, the trial court entered the final divorce decree, which dissolved the parties' marriage on the ground of insupportability. The final divorce decree appointed Blanco and Ortega as joint managing conservators of the children and granted Blanco the exclusive right to designate the primary residence of the children "without regard to geographic location" and the exclusive right to "apply for and hold passports for the children." The final divorce decree also awarded Blanco "as her sole and separate property" "[f]ull one hundred percent ownership" in real property located at "1322 Globe St., Houston, TX" and one-half of the funds

3

in a Chase bank account. The final divorce decree awarded Ortega "as his sole and separate property" one-half of the funds in the Chase bank account.

## Standard of Review

A restricted appeal is a direct attack on a judgment. *Roventini v. Ocular Scis., Inc.*, 111 S.W.3d 719, 721 (Tex. App.—Houston [1st Dist.] 2003, no pet.). To be entitled to a restricted appeal, an appellant must show that: (1) he filed notice of restricted appeal within six months after the complained-of judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the complained-of judgment and did not timely file any post-judgment motion or request for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Lewis v. Aguirre*, No. 01-17-00063-CV, 2018 WL 4868668, at *2 (Tex. App.—Houston [1st Dist.] Oct. 9, 2018, no pet.) (mem. op.); *see* TEX. R. APP. P. 30. These requirements are jurisdictional; if they are not met, an appellant has no right to relief by way of a restricted appeal. *See Lewis*, 2018 WL 4868668, at *2–3; *Cox v. Cox*, 298 S.W.3d 726, 730 (Tex. App.—Austin 2009, no pet.).

**Restricted Appeal**

As a preliminary matter, Ortega argues that he is entitled to a restricted appeal because he filed his notice of restricted appeal on May 7, 2020,[2] within six months of the trial court's December 18, 2019 final divorce decree, he was a party to the underlying lawsuit, he "did not participate in the trial on the merits held on December 18, 2019," he did not file any post-judgment motions, and he can show that "there [was] reversible error on the face of the record."

Lack of participation in the hearing that resulted in the complained-of judgment is a jurisdictional requirement for appellate review by restricted appeal. *In re B.H.B.*, 336 S.W.3d 303, 305 (Tex. App.—San Antonio 2010, pet. denied); *see also Lewis*, 2018 WL 4868668, at *2–3; *Cox*, 298 S.W.3d at 730. To determine whether Ortega meets the lack-of-participation requirement for a restricted appeal, we consider whether he took part in the decision-making event that resulted in the adjudication of his rights. *Texaco, Inc. v. Cent. Power & Light Co.*, 925 S.W.2d 586, 589–90 (Tex. 1996); *Cox*, 298 S.W.3d at 730. The nature and extent of participation necessary to preclude a restricted appeal in any particular case is a matter of degree because trial courts decide cases in a wide variety of procedural settings. *Texaco*, 925 S.W.2d at 589; *Cox*, 298 S.W.3d at 730. An appellant's failure

---

[2] In his appellant's brief, Ortega states that he filed his notice of restricted appeal on May 6, 2020, but the record shows that Ortega's notice of restricted appeal was filed on May 7, 2020.

to attend the trial on the merits or hearing that resulted in the complained-of judgment does not prevent him from being deemed to have taken part in the decision-making event. *In re Marriage of Butts*, 444 S.W.3d 147, 150 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Cox*, 298 S.W.3d at 731–32 (collecting cases holding appellant participated in decision-making event where appellant, though not present at hearing where final divorce decree entered, signaled appellant's approval of final decree before its entry by trial court); *see, e.g.*, *Seymour v. Seymour*, No. 14-07-00280-CV, 2009 WL 442259, at *2–4 (Tex. App.—Houston [14th Dist.] Feb. 10, 2009, pet. denied) (mem. op.) (appellant, who was absent from hearing wherein final divorce decree proven up, still participated sufficiently to prevent him from pursuing restricted appeal).

We note that in determining whether an appellant's participation rises to the level of participation that would preclude a restricted appeal, courts have held that a waiver of service or an appellant's statement that he has made a general appearance for all purposes in a proceeding does not constitute enough participation to prevent him from pursuing a restricted appeal. *See In re B.H.B.*, 336 S.W.3d at 305; *Seymour*, 2009 WL 442259, at *2; *Campsey v. Campsey*, 111 S.W.3d 767, 770–71 (Tex. App.—Fort Worth 2003, no pet.) (rejecting argument that appellant participated in proceedings because "he stated in his waiver of service that he made an appearance for all purposes"). Yet, an appellant who waives citation and the

6

making of a statement of facts or record and who indicates his approval of a judgment by signing it before its entry has participated enough to preclude him from pursuing a restricted appeal. *See In re B.H.B.*, 336 S.W.3d at 305; *Blankinship v. Blankinship*, 572 S.W.2d 807–08 (Tex. App.—Houston [14th Dist.] 1987, no writ) (where appellant signed waiver of citation, indicating that he was entering appearance for all purposes, waived making of record, and "indicated his approval of the divorce decree by signing the judgment prior to its entry by the trial court," he had "participated in the proceedings in an extent sufficient to preclude him" from pursuing restricted appeal (internal quotations omitted)).

Here, Ortega was not present at the bench trial after which the final divorce decree was signed. But Ortega did sign a document titled "Waiver of Service," which was notarized and filed in the trial court. In that document, Ortega stated:

> I acknowledge that I have been provided a copy of the [o]riginal [p]etition for [d]ivorce filed in this case. I have read and understand the contents of that document.
>
> I understand that the Texas Rules of Civil Procedure require, in most instances, that a party or respondent be served with citation. I do not want to be served with citation, and I waive the issuance and service of citation.
>
> I enter my appearance in this case for all purposes.

(Internal quotations omitted.) Ortega, in his appellant's brief, asserts that "[a] party's statement in a waiver of service that [he] entered an appearance for all purposes does not rise to the level of participation" that would preclude a restricted

7

appeal, and we agree. (Emphasis omitted.) *See In re B.H.B.*, 336 S.W.3d at 305 (noting "[c]ourts have held waiver of service and a party's statement that []he ha[d] made a general appearance for all purposes in [a] proceeding[] d[id] not rise to the level of participation precluding a restricted appeal"); *Campsey*, 111 S.W.3d at 770–71 (rejecting argument that appellant participated in proceedings because "he stated in his waiver of service that he made an appearance for all purposes").

But Ortega, in the document filed in the trial court, did not just "waive the issuance and service of citation" and "enter [his] appearance in th[e] case for all purposes." (Internal quotations omitted.) Ortega also "waive[d] the making of a record of testimony in th[e] case." (Internal quotations omitted.) And he "waive[d] any rights that [he] may have [had] with regard to the division of [his] interest in [Blanco's] and [his] property" and "any rights that [he] may have [had] with respect to the terms and conditions of conservatorship, support, and parental rights and duties related to the children of [his] relationship with [Blanco]." (Internal quotations omitted.)

This is not unlike the situation presented to our sister appellate court in *In re B.H.B.* There, appellant, mother, filed a notice of restricted appeal from the trial court's order terminating her parental rights to her children. *In re B.H.B.*, 336 S.W.3d at 304. At issue on appeal was whether mother had "participated in the decision-making event resulting in the termination decree." *Id.* The San Antonio

Court of Appeals explained that although mother "was not present at the hearing in which the termination of parental rights decree was ordered," mother had "signaled her agreement to the termination" of her parental rights "by signing a sworn . . . affidavit of relinquishment of her parental rights." *Id.* at 305–06. In the affidavit, mother stated that she "freely and voluntarily relinquish[ed] to [father] all [her] parental rights and duties" and confirmed that she "fully underst[ood] that a lawsuit w[ould] be promptly filed . . . to terminate forever the parent-child relationship between [her] and [her] children." *Id.* (internal quotations omitted) (second alteration in original). Based on mother's sworn statements in her affidavit, the court held that mother had "participated in the decision-making event that resulted in the judgment terminating her parental rights." *Id.* at 306. In particular, the court noted that mother's absence at the time the trial court signed the order terminating her parental rights did not negate her participation. *Id.*; *see also Pierce v. Abbott*, No. 04-98-00150-CV, 1998 WL 201583, at *1 (Tex. App.—San Antonio Apr. 22, 1998, no pet.) (not designated for publication) (noting absence at time trial court signed divorce decree did not negate appellant's participation and holding appellant's waiver of citation and making of record and consent to terms of divorce decree constituted participation precluding restricted appeal).

In this case, Ortega, in response to Blanco's petition for divorce and before the trial court signed its final divorce decree, "waive[d] the issuance and service of

9

citation," "enter[ed] [his] appearance in th[e] case for all purposes," "waive[d] the making of a record of testimony in th[e] case," "waive[d] any rights that [he] may have [had] with regard to the division of [his] interest in [Blanco's] and [his] property," and "waive[d] any rights that [he] may have [had] with respect to the terms and conditions of conservatorship, support, and parental rights and duties related to the children of [his] relationship with [Blanco]." *See Hammond v. Hammond*, 688 S.W.2d 690, 691–93 (Tex. App.—Beaumont 1985, writ dism'd) (holding appellant could not pursue restricted appeal where she signed waiver of citation, which included waiver of appearance, waiver of notice, waiver of making record, and agreement to divorce). Based on Ortega's sworn statements, we conclude that he signaled his approval of the trial court's final divorce decree and, thus, participated in the decision-making event that resulted in the trial court's final divorce decree. *See In re B.H.B.*, 336 S.W.3d at 305–06 (holding mother participated in decision-making event that resulted in judgment terminating her parental rights where mother waived service, freely and voluntarily relinquished her parental rights and duties, and acknowledged that lawsuit would forever terminate her parent-child relationship with her children, even though mother was not present at hearing during which termination of parental rights was ordered); *McNeely v. McNeely*, No. 11-02-00036-CV, 2003 WL 187573, at *1–2 (Tex. App.—Eastland Jan. 16, 2003, pet. denied) (not designated for publication) (waiver of record and

10

approval of final divorce decree before its entry by trial court constituted participation in decision-making event precluding restricted appeal); *Pierce*, 1998 WL 201583, at \*1 (holding appellant participated enough to preclude restricted appeal where, although absent at time trial court signed final divorce decree, appellant waived citation and making of record and consented to terms of divorce decree); *Hammond*, 688 S.W.2d at 691–93 (holding appellant could not pursue restricted appeal where she signed waiver of citation, which included waiver of appearance, waiver of notice, waiver of making record, and agreement to divorce); *Blankinship*, 572 S.W.2d at 807–09 (holding appellant participated enough to preclude restricted appeal where he signed waiver of citation, which indicated he was entering appearance for all purposes, and waived making of record and indicated approval of final divorce decree by signing judgment before its entry by trial court); *see also Cox*, 298 S.W.3d at 731–32 (collecting cases holding appellant participated in decision-making event where appellant, though not present at hearing where final decree entered, signaled appellant's approval of final divorce decree before its entry by trial court); *cf. Seymour*, 2009 WL 442259, at \*1–4 (appellant, who did not attend hearing in which final divorce decree was proven up, but who had waived citation and making of record and who indicated approval of terms of divorce decree by signing motion to reinstate, had participated in decision-making event resulting in final divorce decree).

Accordingly, because Ortega does not meet the lack-of-participation requirement necessary to pursue a restricted appeal, we hold that he is not entitled to relief by way of a restricted appeal, and we dismiss his appeal for lack of jurisdiction. *See Lewis*, 2018 WL 4868668, at \*2–3 (stating requirements for restricted appeal are jurisdictional); *Cox*, 298 S.W.3d at 730.

## Conclusion

We dismiss the appeal for lack of jurisdiction.


Julie Countiss
Justice

Panel consists of Justices Hightower, Countiss, and Guerra.